### Ensign M. Clark vs. Sophia S. Clark and others.

If a married woman, seised of real estate which accrued to her during coverture, does not avail herself of the right, given by the statute, to *convey* or *devise* the same, her husband will, upon her decease, become tenant by the curtesy whenever he would have been such tenant prior to the act of April, 1848, for the more effectual protection of the property of married women.

ACTION for partition. It appeared from the report of the referee, that Moses Clark died intestate, in September, 1855, seised in fee of the premises, and his wife died a day or two after. Ensign M. Clark, Sophia S. Clark and Lucy F. Cutter, wife of Chauncey F. Cutter, were the children and only heirs at law of Moses Clark. In August, 1856, Lucy F. Cutter died intestate, leaving Clifton H. Cutter and Alice Cutter her infant children and heirs at law. Her husband, Chauncey F. Cutter, is living. The referee reported that Clifton H. Cutter and Alice Cutter were each seised in fee and entitled to an equal undivided one-sixth part of the premises, subject to the life estate, or tenancy by curtesy, of their father, Chauncey C. Cutter. The guardian *ad litem* of the infant heirs objected to this part of the report, and claimed that the infant heirs of Mrs. Cutter inherited from their mother her portion of the land, discharged from any estate or right in the father.

*A. Sawin,* for Chauncey F. Cutter.

*P. M. Vosburgh,* for the infant heirs.

Marvin, J.. Upon the argument of the question here presented, *Hurd* v. *Cass,* (9 *Barb.* 366,) and *Sleight* v. *Read and others,* (18 *Barb.* 159,) were referred to, and one of the counsel assumed that these cases were in conflict. I do not so understand the cases. The question presented in the present case was not in the case of *Sleight* v. *Read.* The question in that case arose under very different circumstances and was decided upon principles long since established, independent of the acts of 1848 and 1849 for the more effectual protection of the property of married women. Nor is there any conflict in the opinions

of the learned justices in the two cases, touching the statute referred to.

*Hurd* v. *Cass* is in point, and I fully concur in the opinion of Justice Mason in that case. If the wife does not avail herself of the right, given by the statute, to *convey* or *devise* her real property, the husband will, upon her decease, become tenant by curtesy whenever he would have been such tenant prior to the act conferring the right upon the wife to convey and devise. I think this is clear upon the *principles* of the authorities cited by Justice Mason. In *Morgan* v. *Morgan*, (5 *Mad.* 408,) digested in *Crabb on Real Property*, § 1108, an estate was by marriage settlement conveyed to trustees in fee, upon trust for the separate use of the wife, with *power for her to make an appointment, and she made no appointment*, and upon her death it was held that the husband was entitled to curtesy. This was in a court of equity, applying to equitable estates the principles of the common law relating to legal estates. It will be seen that the estate was so situated that the wife had power over it, and could so have executed the power as to have deprived her husband of any right by the curtesy; and such is the effect of our statute. The wife has the right to convey or devise her lands. If she does so, her husband will not be entitled to a life estate by curtesy; if she does not, then he will. I am speaking, of course, of those cases where the wife took the estate during coverture.

In *Bennett* v. *Davis*, (2 *P. Wms.* 316; *Crabb on Real Property*, § 1106,) it appeared that it was the express intention of the section that the husband *should not be tenant by the curtesy* of lands devised to the wife, and it was held in equity that he was not entitled to the estate by curtesy, but was a mere trustee for the heirs of his wife, and a conveyance to the heirs was decreed. If the legislature had intended to deprive the husband of his rights by the curtesy, when the wife had not conveyed or devised the estate, it should have so expressly declared in the act. The referee has stated the rights of the parties correctly, and the exceptions or objections must be overruled.