## SUPREME COURT.

In the Matter of the application of Leverett S. Davis.

A party *in possession of an office*, with claim or color of title, should have the custody of the books and papers, and a party *out of possession* and not in a condition to exercise its functions, and who makes no attempt to perform its duties, should not have these incidents and appurtenances to the office until there has been a trial of the title in the mode provided by law, (by *quo warranto*,) and his right has been there established.

This principle applied to the present case, which was an application under the statute, by a party appointed supervisor by the justices of the town to fill a vacancy occasioned by a party previously elected who omitted to take the oath of office within fifteen days, to compel the delivery to him of the books and papers of the office, held and claimed by the former supervisor who held possession.

*At Chambers, Utica, July* 6, 1860.

Application to compel the delivery to the applicant, of books and papers belonging to the supervisor of the town of Florence, Oneida county, N. Y.

N. C. White, *for applicant.*
M. H. Throop, *opposed.*

BACON, Justice.    This is an application made under the
provisions of the statute, to compel the delivery of books
and papers claimed by the applicant to belong to him by
virtue of his alleged incumbency of the office of supervi-
sor of the town of Florence.    The substance of the statu-
tory provision on this subject is, that whenever the term
of office of any supervisor shall expire, and another per-
son shall be elected or appointed, it shall be the duty of
the latter to demand of the former the records, books and
papers belonging to the office.    In case of a refusal to
deliver upon such demand, complaint may be made to a
justice of the supreme court, who shall thereupon grant an
order to show cause, and such further proceedings are to
be had in the matter as the statute provides.    (*See* 1 *R. S.*,
*original paging*, 358, § 9, &c.    125, § 55, &c.)

The affidavits presented to me on the part of the appli-
cant set forth in substance, that in March, 1859, Aaron H.
Thomson was elected supervisor of the town of Florence,
who (it is admitted) duly qualified and assumed the duties
of the office, and has hitherto discharged them—that at
the annual town meeting in March, 1860, Lewis Rider was
duly elected supervisor of the town, but he did not within
the period prescribed by law take the oath of office,
whereby the office became vacant—that the town neglected
to fill the vacancy within the period of fifteen days after
the happening of the same, and thereupon and after due
notice to the justices of the peace of the town, all of them
met, and three of them appointed Leverett S. Davis super-
visor of the town, (one of the three who signed the certi-
ficate of appointment being Davis himself,) and that imme-
diately thereupon he took the oath of office, and has
demanded the books and papers, which Thomson has
hitherto neglected and declined to deliver.

On the part of the contestant, Thomson, a mass of affi-
davits has been presented, the purport of which is to show
that the town clerk of Florence improperly and wilfully

neglected his duty, by failing to give notice of a meeting of the electors of the town to fill the vacancy, if in truth any existed, denying that a legal election was made by the justices of the town, and setting forth by what right the said Thomson still claims to be the incumbent of the office, and what duties he still performs therein. Much of the argument before me on the return of the order to show cause, was occupied in maintaining the several titles of the applicant and the contestant to the office; but in the view I take of this matter, and the ground upon which I place the decision of this application, it will not be necessary for me to enter into the discussion of that question. My impression is that on the mere question of the legal title to the office, I should find no great difficulty in maintaining the claim of the applicant, if the inquiry was limited to that question. I do not intend, however, to decide that issue, nor even to intimate any opinion further than to say that the affidavits in opposition to this application contest the title to the office and raise a serious doubt upon that question.

The most important question upon this motion, and the one on which its decision must turn, is, who is in the *actual possession* of the office, retaining the muniments and exercising the functions pertaining thereto. The statute under which this proceeding is instituted, it seems to me very clearly was never intended to apply to a case where there is a real question of title to the office, and no possession to any practical purpose has been obtained. In such a case ample provision is made by a proceeding in the nature of a *quo warranto*, to try the title to the office. (*See Code*, § 432, *et seq.*)

The allegation, and the only one in the affidavit of the applicant upon this point, is that he was duly appointed to the office of supervisor, to supply the vacancy occasioned by the refusal of Lewis Rider to serve, and on the 12th of April, 1860, took and subscribed the constitutional

oath, and filed the same in the office of the town clerk. This is the only act he has performed, and this was necessary to enable him to prosecute a claim for the office in any form. He has none of the insignia or muniments of the office, and has discharged no duty pertaining to it. On the other hand, the affidavit of Thomson sets forth that he is in the actual possession of the office, claiming to be the rightful supervisor of the town, that since his election, and since the commencement of this proceeding, he has remained in possession of the office, and has discharged all its duties, by receiving and paying out school and library moneys, superintending the making out of the jury list, and appointing trustees to fill vacancies in school districts, and that he holds the books, papers, moneys, and all other incidents of the office, and is in possession thereof in all respects, to the exclusion of Davis, and of all other persons. He claims to hold the office by virtue of the statute which continues the actual incumbent in the office until the vacancy which is claimed to exist is filled pursuant to law.

Such appearing to be the facts, it is very clear upon the authorities, and a proper apprehension of the object and scope of the statute, that no order can be made on this application for the delivery of the books and papers sought to be obtained in this case. In the *People* agt. *Stevens*, (6 *Hill*, 616,) a *mandamus* was applied for to compel the clerk of the common council of Brooklyn to deliver the books and papers pertaining to the office. The application was denied on the ground that if the relator was in truth clerk and there was no dispute as to the title to the office, the specific remedy provided by the statute to compel a delivery of the books and papers applied to the case, but BRONSON, J., in his decision, expressly held that while the title to the office was in dispute, the only mode of trying it was by information in the nature of a *quo warranto*. After this decision had been made, an application was

made to KENT, then circuit judge, under the statute to compel delivery of the books and papers. Having heard the case, he decided that it was not one falling within the summary jurisdiction conferred by the statute, and he accordingly denied the application. "It is obvious," he says, "that the legislature never intended that a judge should exercise the power to enforce the delivery of books and papers against an officer *de facto*, where the title of the applicant to the office is at all questionable." The title in that case was not clear because the judges differed in their views of the question, and the applicant was opposed by a clerk *de facto*, holding and exercising the office under *claim and color* of right, and either of these, it cannot be doubted, is sufficient to put the party claiming delivery of the incidents of the office to the trial of his title by a suit at law.

In the case of *Benjamin Welch*, (14 *Barb* , 396,) a similar application was made and denied. Cook was the actual incumbent of the office of treasurer of the state, claiming to hold by virtue of the certificate of the state canvassers; but Welch, upon an information and trial of the right, had obtained a verdict in his favor affirming his election. Judge WATSON held that no such proceeding could be taken until an actual judgment of *ouster* had been entered against the person executing the duties of the office, thus assuming the principle that as against one in possession and claiming an office, the statute providing for delivery of books, &c., has no application until the party asking the aid of the judge has had a trial of his title, and a judgment has been actually entered in his favor.

The principle to be extracted from these cases was maintained and applied in the case of *Conover* agt. *Devlin*, (24 *Barb.*, 587,) where the application was granted, simply on the grounds that the applicant was in possession of the office under color and claim of title. The judge further held in that case that upon such an application the court

could not entertain the question of title to the office, and that if there was reasonable doubt as to who was entitled to it, that question must be determined on a direct proceeding for the purpose, by action in the nature of a *quo warranto.* It is expressly held in this case that where an office becomes vacant, and an individual, with claim of title *enters and assumes the duties thereof*, he is to be considered the officer *de facto*, and in possession of the office.

In his opinion, Judge PEABODY maintains that the question of title should not be tried in this proceeding—that wherever a person is in the office exercising its functions, he should be entitled to take this proceeding to obtain the books and papers, "and, on the other hand, that having the best possible right to an office, one should not have possession of the books and papers by this proceeding, while it is apparent *he is not in the occupancy of the office*, and not in a condition to exercise the functions of it."

I concur in this view, and I deem it a just exposition of the statute. A party in possession of an office, with claim or color of title, should have the custody of the books and papers, and a party out of possession and not in a condition to exercise its functions, and who makes no attempt to perform its duties, should not have these incidents and appurtenances to the office until there has been a trial of the title in the mode provided by law, and his right has been there established. The statute is only applicable, as the case in *Hill* substantially holds, where the title is clear, and where the party against whom the proceeding is taken is not in possession under color of a legal right to hold the office. It follows that this application must be denied, but of course without prejudice to any other remedy the party may be advised or see fit to pursue, for the establishment and enforcement of what he claims to be his right.