### RANSOM *v.* NICHOLS.

Where a married woman, possessed of separate personal estate, dies without having made any disposition of it in her lifetime, or by way of testamentary appointment, the title thereto vests in her surviving husband, and cannot be affected by the granting of administration upon her estate to any other person.

The statutes of 1848 and 1849, in respect to the rights of married women, do not change the rule at common law in this respect. They affect only such property as she disposes of in her lifetime or by will.

APPEAL from the Supreme Court. The trial was before a referee, who ordered judgment for the plaintiff, which having been affirmed at general term, in the fifth district, the defendant appealed to this court. The facts sufficiently appear in the following opinion. The cause was submitted on printed arguments.

*B. F. Chapman,* for the appellant.

*W. E. Lansing,* for the respondent.

BACON, J. The undisputed facts of this case are as follows: Susan M. Nichols was the wife of one Lyman Nichols, and after her marriage, which was in 1855, she received from her mother $200 and over in cash. Of this amount, her husband loaned on her behalf $150 to the defendant in this suit, and took his promissory note, payable originally to her. At the expiration of a year the interest was paid, and a new note taken, running to the husband, and which the evidence clearly shows was in his possession at the time of the death of Mrs. Susan M. Nichols. In September, 1856, Mrs. Nichols died, having made no disposition, by will or otherwise, of the note, or the money represented by it. Lyman Nichols survived his wife, and is still living. In April, 1857, the plaintiff in this suit obtained let-

ters of administration upon the estate of Mrs. Nichols, and soon after demanded the note of the defendant, and upon his refusal to deliver it, this suit was instituted to recover the note, or its value.

Upon the trial, it clearly appeared that the defendant had settled the amount of the note with Lyman Nichols, and that it had been taken up and canceled. The referee, in his report, does not find any such fact; for the reason that what there was of this evidence, was taken subject to an objection to be finally disposed of by him after the closing of the proof, and he ultimately rejected all this evidence. The defendant distinctly offered to show that he had paid a portion of the note before the death of Mrs. Nichols, and the balance in full after her death, to Lyman Nichols, and canceled the note. This evidence was objected to by the plaintiff's counsel and the testimony taken subject to the objection, and on the final decision rejected for the reasons, 1st, that the evidence did not show a payment applicable to the note as against Mrs. Nichols; and, 2d, that the pretended payment subsequently is inadmissible as against the note: and to this ruling the defendant duly excepted.

This decision can only be sustained on the presumption, which the referee must undoubtedly have indulged, that the husband, although the survivor of his wife, had no interest whatever in any personal property received by her in her own right subsequently to the acts of 1848 and 1849, and that he could neither reduce such property to possession nor exercise any right or control whatever in respect to it. In this conclusion he manifestly erred.

By the act of 1849 (ch. 375, § 1), any married woman is capable of taking by gift, grant, &c., from any person other than her husband, and can hold to her sole and separate use, and convey and demise real and personal property, and any interest or estate therein, in the same manner and with the like effect as if she were unmarried; and the same shall not be subject to the disposal of her husband nor liable for his debts. The effect of this provision is, to put such property, during the life-

time of the wife, entirely at her disposal; and to impart to the wife the power to make an effectual disposition of it, by any valid testamentary bequest, and thus to place it, if she chooses, wholly beyond the power or reach of the husband. If, however, she fails to make any disposition of the property by way of sale, during her lifetime, or by testamentary bequest, to take effect upon her death, then the rules which always prevailed before the statutes of 1848 and 1849 were enacted, take effect, and the husband has all the rights given to him by the common law and by those provisions of the Revised Statutes which have never been repealed by these later acts.

In this case, Mrs. Nichols having died without making any disposition of this note, or the money which it represented (assuming, as the strongest view that can be taken of the plaintiff's case, that Lyman Nichols never reduced it to possession, nor was practically invested with the interest during his wife's lifetime), she was, as to this property, intestate. This being so, to whom did the note belong after her death? The statute (2 R. S., 4th ed., 283, § 86) enacts that the provisions respecting the division of estates shall not apply to the personal estates of married women, but their husbands may demand, recover and enjoy the same as they are entitled by the rules of the common law. The property, then, in this case, stands precisely upon the footing of choses in action of the wife, which have not been reduced to possession during the coverture. In this event, the husband has the right to recover and enjoy them as his own, either as an incident to the marital relation and as flowing from it, or as an incident to his right of administration upon her estate; and for all practical purposes, it is immaterial to which source this right should be referred. This right of administration is secured primarily to the husband by the statute (2 R. S., 75, § 29), and, indeed, according to some authorities, it exists in the husband *jure mariti*, and wholly irrespective of any statutory provision upon the subject. (*Watt* v. *Watt*, 3 Ves., Jr., 244.)

It is somewhat difficult to understand by what authority the plaintiff in this case obtained letters of administration upon the

estate of Mrs. Nichols. This right is, as has been seen, secured absolutely to the husband in the first instance, and there is no proof in this case that he abjured that right, or was for any reason unfitted for or incompetent to assume the trust; and the administration of the plaintiff would, without explanation, appear to be a wanton and unauthorized intrusion upon his rights. But, however that may be, the fact that administration has been granted to the plaintiff cannot affect the legal rights and claims of the surviving husband; since the statute provides that, in such an event, the administrator shall account for and pay over the assets in his hands after payment of debts, to the husband, or his personal representatives. (2 R. S., 75, § 30.)

In this case, there do not appear to have been any debts of the deceased wife, and the entire fund would be the property of the husband. If the plaintiff might be assumed to be capable of maintaining this suit, and should recover the fund, it would only be for the purpose of immediately passing over the proceeds to the husband; and he having already obtained satisfaction of the debt from the defendant, the latter would be entitled at once to reclaim them. It might well be held, then, that for the purpose of avoiding this most needless circuity, the present action should be forthwith dismissed.

But, however this may be, it seems very clear that Lyman Nichols, after the death of his wife (if not before), was entitled to the possession of the note, and all the property in it passed to him, and that consequently he had the right to receive payment upon and discharge the same. These views obviously result from what has long been the acknowledged law of this State anterior to 1849, and from the true construction of the statute of that and the preceding year. The same conclusion was, in substance, arrived at in the case of *Shumway* v. *Cooper* (16 Barb., 556), and is somewhat elaborately reasoned in the opinion of Justice SUTHERLAND, in *Vallence* v. *Bausch* (17 How. Sp. Term R., 243). The right of administration, it is said in that case, is positively secured to the husband by statute, and it may be necessary for him to assume it, in order to secure the payment of choses in action in the possession of third persons; "but," it

is added, "it is presumed that a voluntary payment to him, and discharge by him of a note or bond belonging to the wife's estate, *without or before administration,* would be perfectly good."

The testimony rejected by the referee in this case should, therefore, have been received, and being received, it would necessarily defeat the action of the plaintiff. If these views prevail, the judgment must be reversed and a new trial granted.

All the judges concurring,

Judgment reversed and new trial ordered.