FRANCIS E. VALENTINE, Plaintiff, *v.* ANNA A. HUTCHIN-
SON, Defendant.

(County Court, Kings County, March, 1904.)

Curtesy — When it exists notwithstanding the existence of a life estate.

> Where a man dies intestate leaving him surviving a wife and
> four children and the children convey to the widow a life estate
> in the premises of which the father died seized, if one of such
> children dies prior to the widow leaving surviving her a husband
> to whom she has borne children the husband is entitled upon the
> widow's death to an estate by the curtesy in two-thirds of the
> quarter interest in the realty, that being the portion of the estate
> of which his wife had actual seizin at the time of her father's
> death.

> He is not entitled to an estate by the curtesy in the one-third
> of the quarter interest which passed to his wife upon her father's
> death, as, by reason of the dower interest which his wife's mother
> had in the property, the wife never had actual seizin of that portion
> of the estate during her lifetime.

MOTION to confirm a referee's report in partition.

C. & T. Perry, for motion.

George Bell, in opposition.

CRANE, J.   This is a motion to confirm a referee's report
in partition.   The objection made to it is that the referee
has found against the claim of John H. Morrison to curtesy
in a certain portion of the premises.

As is too frequently the case, a difficult question is raised
and the judge left to dig out the law for himself, the briefs
consisting of general statements and principles merely.

I do not agree with the referee in his findings of fact nor
his conclusions of law regarding this claim to curtesy.

The common ancestor, Thomas Hutchinson, died at Ar-
royo, Porto Rico, March 31, 1881, leaving a paper pur-
porting to be his last will and testament, but which was
never probated for reasons stated in the evidence.   The es-
tate of the deceased, therefore, descended as in intestacy to

his heirs, his four children, James Hutchinson, Susan Morrison, Francis E. Valentine and John Hutchinson, subject to the dower interest of the widow, Susan Hutchinson. Subsequently these four children, being of full age, by deed or agreement dated October 11, 1881, having the fee of the premises in question, transferred or conveyed a life interest in the entire property to their mother, Mrs. Susan Hutchinson. All that was conveyed away out of them was a life interest to their mother and they, therefore, retained in themselves the reversion or remainder. They retained the fee subject to the life estate in the *entire property* instead of a life estate in one-third thereof, the dower interest. I disagree with the finding of the referee that " By said instrument * * * the said Susan Hutchinson conveyed to said children upon her death whatever interest she might have in the said property." She only had a life interest.

Susan Morrison, one of the children, died March 31, 1900, before her mother, who died six months thereafter, August 16, 1900. She left a husband, John H. Morrison, and children born of him in wedlock, and the condition of her estate at her decease was that she had by inheritance a one-fourth fee interest in the property of her father, Thomas Hutchinson, subject to the life interest in her mother, Susan Hutchinson, *which she had conveyed to her,* still outstanding.

The question raised is, does the husband have curtesy in this interest of his wife ? Or has it been cut off by the conveyance of a life interest ? Would the husband have had curtesy at common law or if no life interest had been granted ?

To curtesy there were four requisites: 1. Marriage; 2. Seizin of wife during coverture; 3. Birth of a child; 4. Death of the wife. The only one of these requisites which may be lacking here is the second, seizin of the wife during coverture. The seizin at common law had to be in fact an actual seizin of the lands during coverture. Constructive possession of the wife or a bare right to possess will not support the estate. There must be actual possession as distinguished from possession in law. This doctrine does not apply where a wife takes by deed or by will, but does apply

where she takes as heir. Carr v. Anderson, 6 App. Div. 6. If the only seizin, therefore, which Susan Morrison had was that existing solely by inheritance, then there would be no curtesy even at common law. But in the evidence it is stated by Francis E. Valentine " Since my father's death his heirs have been in undisputed possession thereof," (meaning the property here in partition) which with the act of ownership instanced by the deed of conveyance to her mother, would indicate or show that seizin, entitling her husband to curtesy unless it has been cut off by her act.

In some cases we find it stated that if there be an outstanding estate for life the husband cannot be tenant by the curtesy of the wife's estate in remainder or reversion unless the particular estate be ended during the coverture, that there can be no seizin in fact of a vested remainder limited on a precedent freehold estate. Taylor v. Gould, 10 Barb. 388; Green v. Putnam, 1 id. 506; 1 Washb. Real Prop. (6th ed.), 153.

But upon an examination into the facts of these cases it will be seen that the outstanding life estate was created by the *ancestor* and that all the wife *ever* had was the remainder; she was at no time seized of the fee. These are not the facts here for the wife had an estate in fee subject to the dower of her mother and conveyed her other two-thirds to her mother so as to give a life estate in the entire share.

Under the above authorities the husband had no curtesy in the one-third dower interest as the daughter, his wife, died before the mother.

As to the two-thirds of his wife's share however he would have had curtesy if she had not deeded it away for life, and does that fact deprive him of it after the life estate terminates ?

If the wife does not avail herself of the right given by statute (1848) to convey or devise her real property the husband will, upon her decease, become tenant by curtesy, whenever he would have been such tenant prior to the statute. Clark v. Clark, 24 Barb. 582. Is the conveyance of a life estate such an act as bars curtesy ? If so, why ? That

an estate for years does not destroy the curtesy of a husband, see De Grey v. Richardson, 3 Ark. 469; 1 Washb. Real Prop. (6th ed.), 153. Suppose a man seized in fee of property should convey away a life estate in which conveyance his wife joined, would she not have dower in the reversion?

I am inclined to think that by the conveyance of a life estate out of a fee curtesy in the reversion is not cut off, provided the other requisites exist.

My opinion, therefore, is that Susan Morrison had a one-quarter interest in the real property of her father, Thomas Hutchinson, subject to the dower interest of her mother, that is one-third for life. That in this one-third dower interest, John H. Morrison has no curtesy, as the wife was never seized of it in her lifetime. That the remaining two-thirds of the one-quarter interest having been conveyed away by the wife for life only, curtesy therein was not wholly cut off, but the husband has a life estate therein after the decease of the life tenant. The life tenant being dead, the value of this life estate by curtesy in two-thirds of Susan Morrison's share can be easily ascertained according to the Northampton tables.

I, therefore, modify the referee's report so as to allow curtesy as herein specified, and in all other particulars confirm said report. The husband may consent to take a gross sum in accordance with section 1569 of Code, if he choose.

Ordered accordingly.