Shumway v. Cooper.

## SHUMWAY and wife *vs.* COOPER.

Where the real estate of an infant feme covert was sold by order of the court of chancery, under the act authorizing the sale of infants' estates, and the purchase money secured to her, or for her, by bonds and mortgages, which securities were never in her possession or in that of her husband, until after her death, when he obtained the same as administrator of his wife, and received the moneys secured thereby; *Held* that by the sale of the land under the direction of the court there was no conversion of the real estate into personalty, but that the proceeds were impressed with the same real uses which attached to the real estate before the sale; and that such proceeds *descended*, as the real estate would have done, to the *heirs at law* of the infant, and did not go to her personal representatives, for distribution among the next of kin and others entitled thereto.

Accordingly *held* that the surrogate had no jurisdiction to call the husband to account as administrator of his wife, upon the application of her *next of kin*.

A surrogate has no authority to inquire into, or settle, the rights of heirs at law to property in the hands of an executor or administrator.

Where a married woman dies intestate, leaving no debts unpaid, her husband cannot be called upon to account in respect to her personal property, by her next of kin; he being, by statute, (2 *R. S.* 4th ed. 259, §§ 29, 30,) entitled to administer upon her estate, and the assets, after the payment of debts, belonging to him absolutely.

The act of April 7, 1848, for the protection of the property of married women, as amended in 1849 has not affected this provision of the revised statutes.

APPEAL from the decree of the surrogate of Onondaga county, dismissing the petition of Shumway and wife, that the respondent, Cooper, should account as administrator of his wife, Eliza Jane Cooper. The deceased was the daughter of Mrs. Shumway, one of the petitioners, by a former husband, and died under

Shumway v. Cooper.

the age of 21 years. The petition stated that she (the intestate) inherited certain real estate from her father, which was before her death sold under an order of the court of chancery of this state, and the purchase money. received to her or for her, by bonds and mortgages, under and by the direction of the said court; that the bonds and mortgages had never been in possession of the intestate or her husband until after the death of the intestate; that the respondent was appointed administrator of his wife by the surrogate of Onondaga county; that since the granting of letters of administration, the said · respondent had, by virtue thereof, obtained possession of said bonds and mortgages, and had subsequently received the moneys secured thereby, amounting to something over three thousand dollars. The petition therefore prayed that said Cooper might be cited to appear and account before the surrogate, and that the petitioners, or the said Jane Shumway, one of the petitioners, might be adjudged the next of kin to said Eliza Jane (the intestate) deceased, and entitled to the property, assets, moneys, bonds and mortgages that had come to the hands of said Cooper as administrator aforesaid, and that he might be adjudged and decreed to pay the same to the said Jane Shumway or to the petitioners. A citation was issued requiring the respondent to appear before the surrogate and render an account of his proceedings as administrator, or show cause, &c. At the time appointed, the respective parties appeared, and upon objections taken by the respondent, the petition was dismissed, upon the facts set out therein; and from that order the petitioners appealed to this court.

*S. C. Parker* and *J. Ruger*, for the appellants.

*I. T. Minard*, for the respondent.

*By the Court*, W. F. ALLEN, J. The moneys sought to be reached by the petitioners by calling· the defendant to account as administrator, before the surrogate, were the proceeds of certain real estate which came to the deceased wife of the respond-

ent, by devise from her father, and which were sold by order of the court of chancery, under the act authorizing the sale of infants' estates. (2 *R. S. 4th ed.* 359.) A copy of the will of the father is made a part of the case, and from that it would seem that the sale was not authorized by law, as it was against the provisions of the will. (2 *R. S.* 360, § 84.) But no question arises upon this appeal in respect to the validity of the sale, as both parties by their acts affirm the proceedings, and claim the proceeds of the sale. The intestate died while under the age of twenty-one years, and of course before the real estate decreed to her had by any act of her own been converted into personalty, and it is claimed by the appellants that by the sale of the premises under the direction of the court there was no conversion, but that the proceeds were impressed with the same real uses which attached to the real estate upon the sale; and in this he is, I think, supported by the statute and by authority. The statute provides that "no sale made as aforesaid of the real estate of any infant shall give to such infant any other or greater interest or estate in the proceeds of such sale than he had in the estate so sold, but the said proceeds shall be deemed real estate of the same nature as the property sold." (2 *R. S. 4th ed.* 360, § 88. *Id. 1st ed.* 195, § 180. *Davison* v. *De Freest,* 3 *Sandf. Ch. R.* 456. *Forman* v. *Forman,* 7 *Barb.* 215.) If the proceeds remained impressed with real uses to the extent claimed by the appellants—and I see not why they did not—then they descended, as the real estate would have done, to the heirs at law, and did not go to the personal representative for distribution among the next of kin and others entitled thereto. I will assume, without deciding, that the petitioners are right in their position, that this money must be regarded as real estate for the purpose of determining to whom it belongs, and that its direction must be controlled by the statute of descents and not by the statute of distributions. If that is so, it follows as a nesessary consequence that the proceedings were properly dismissed by the surrogate, for the want of jurisdiction.

1. The defendant as administrator was not entitled to the bonds and mortgages by which the purchase money of the real

Shumway v. Cooper.

estate sold was secured, or to collect the moneys becoming due thereon.   If he received them it was in some capacity other than as administrator.   Executors and administrators are only entitled to the goods, chattels and credits of their decedent.   (2 *R. S.* 82, § 2.)   Real estate, or money impressed with real uses, are not included in this class.   They take that property only which is assets for the payment of debts, and which after the payment of debts and legacies is to be distributed among the next of kin ; and the rights of heirs to property which would descend to them are expressly saved by statute.   (2 *R. S.* 82, §§ 6, 8.)   Property that descends to heirs does not and cannot go to the executor or administrator.   If by any means it comes into the possession of the individual who chances to be the personal representative of the deceased, the remedy of the party entitled as heir is by a proper action at law, the form to be determined by the character and situation of the property.

2.  The surrogate has no authority to inquire into or settle the rights of the heirs at law to property in the hands of the executor or administrator.   The powers and duties of surrogates are prescribed by law, and do not include the power to adjudicate between the heir and personal representative.   (2 *R. S. 4th ed.* 418, § 1.)   An heir at law has no place given him by statute in the surrogate's court to compel an accounting by the executor or administrator.   That right is confined to creditors, legatees and next of kin.   (2 *R. S. 4th ed.* 277, § 57.)   The next of kin only, and not heirs at law, are to be cited to attend upon the accounting.   (*Id.* 278, § 66.)   Their rights can be passed upon by the surrogate.   An adjudication upon the rights of the heirs at law would be simply void.   Upon the settlement of the account the surrogate must follow the statute of distribution in directing the disposal of the estate after the payment of debts and legacies, and cannot be guided by the statute of descents.   (*Id.* 281, § 82.)   The petitioners claim in this case as next of kin, and were compelled to do so, to entitle themselves to the citation, and when it appeared that their claim was as heirs at law, the petition was properly dismissed.

If the moneys are deemed to be personal property, an account-

ing by the respondent would be a vain thing. The petition states that the deceased died intestate, leaving no debts unpaid. By the revised statutes (2 *R. S. 4th ed.* 259, §§ 29, 30) the respondent as the husband of the deceased was entitled to administer upon her estate, and the assets, after the payment of debts, belonged to him absolutely; and had he died before fully administering, would have passed to his representatives as a part of his personal estate. I do not think that the law of 1848, as amended in 1849, (2 *R. S. 4th ed.* 331,) has affected this provision. The entire end sought to be accomplished will be obtained, and the mischiefs which were the occasion of this legislation will be remedied, and full scope given to the act, without interfering with the rights of the husband under the provision of the revised statutes referred to. It will secure to the wife the absolute enjoyment of her property, with the right to dispose of it by will or otherwise during her life; and I see no reason to suppose that the legislature designed to interfere with its course after her death, if she elected that it should go in the direction given it by law. The statute is for the personal benefit and security of the wife, and not of her kinsfolk. She alone is named in the act. The legislature may well have thought when they had secured to her the absolute estate during her life, with power to dispose of it by will away from her husband, at her death, if she omitted to exercise her right of disposal it would be good evidence that she was willing that her husband should after her death enjoy it, and therefore left the general statute regulating the marital rights of the husband, in case of intestacy of the wife, in force. Upon this point it is enough to say that the two provisions of law are not inconsistent with each other. They can both stand, and therefore one should not be held to be repealed by implication. (*Bac. Abr. Statutes, D. And see* 1 *Bradf. Rep.* 64.)

Upon either view of the case the surrogate properly dismissed the petition, and the order must be affirmed with costs.

[ONONDAGA GENERAL TERM, October 3, 1853. *Gridley, W. F. Allen* and *Hubbard*, Justices.]