## SUPREME COURT.

JOHN REZNOR, administrator, &c. agt. CASWELL WEBB, and others.

*Eighth District General Term, February 12th, 1866.*
*Before* MARVIN, GROVER, DAVIS *and* DANIELS, *Justices.*

MARVIN, J. I think the judgment should be affirmed. I do not think that this action could have been maintained by the plaintiff without taking out letters of administration, on the ground that he was the husband of one of the mortgagees and the survivor of his wife. The debt secured by the mortgage is a chose in action, it was not reduced into the possession of the husband during coverture. It is necessary that an action should be brought to secure the debt. The plaintiff as surviving husband will be entitled to the money when collected, but in what character is he entitled to maintain an action to secure the money? The husband is solely entitled to administration on the estate of his wife. He is to give

bonds as other persons, but shall be liable as administrator for the debts of his wife only to the extent of the amount received by him. If he does not take out letters he is presumed to have amounts in his hands sufficient to satisfy her debts and shall be liable therefor. If he dies leaving any assets of his wife unadministered they pass into the hands of his personal representatives and they are liable for her debts in preference to his. (2 *R. S.* 75, § 29.) There is nothing in this provision showing that the husband may by action recover the outstanding debts due to his wife at the time of her decease without taken letters as administrator.

The husband may undoubtedly receive voluntary payments and may in that way have assets in his hands, or he may take possession of her personal property if he can obtain it without action. But I know of no authority for his maintaining an action in his individual character to collect the debts accruing to his wife at the time of her death. It is clear that they are not legally and unqualifiedly his.

The statute, section 30, shows that letters may be granted to a person other than the husband, by reason of his neglect, &c., and in such case the administrator is to account for and pay over the assets remaining in his hands to the husband or his personal representatives after the payment of the debts. If the husband survives the wife, he, as her administrator, is entitled to all her personal estate which continued in action or unrecovered at her death. (*Roper on Husband and Wife*, 205.) If he dies before all such property is recovered, his next of kin will be entitled to it in equity. But the wife's next of kin will be entitled to letters of administration (*de bonis non*) of her estate not received by her husband during his life; they will become the trustees of what they receive for the next of kin of the husband. (*Id.* 205.) This is the common law, but our statute has changed the law in one respect. If the husband die leaving assets unadministered they pass to his personal representatives. In *Ransom* agt. *Nichols* (22 *N. Y. R.* 110), it was held that the husband,

without taking out letters, had the right to receive payment of a note and to discharge it, and that such payment would defeat a recovery by another person who had taken out letters. (*See, also, Shumway* agt. *Cooper,* 16 *Barb.* 556; *Vallance* agt. *Bausch,* 17 *How. Pr. R.* 243.) In the latter case it is held, that the right to administration is positively secured to the husband by statute, and it may be necessary for him to assume it in order to secure the payment of choses in action in the possession of third persons, "but it is presumed that a voluntary payment to him and discharge by him of a note or bond belonging to the wife's estate, without or before administration, would be perfectly good." In my opinion the referee was right in non-suiting the plaintiff, and the judgment should be affirmed.

I have examined all the cases cited. They do not show that the husband may maintain the action without letters.

If this decision is good law it follows that the plaintiff cannot recover in this action.

The fact that the plaintiff had induced the defendant to give a note some three years after the death of his wife, cannot change his rights as surviving husband. It is still a mere chose in action, to be recovered by suit at law. In order to have invested him as owner he must have recovered possession during coverture, and besides it will be seen by the testimony of the defendant (and nowhere denied), that he refused to give a note to plaintiff as being the owner, but gave one payable to Frank Eagle, under the express agreement that it was to be left with Sarahette Webb for the benefit of Frank if he should live to want it. If not it would belong to the Webb estate. That note was afterwards given up and the note in question given in its place, under the reiterated assurance of the plaintiff, that he had no interest in the demand, and only wanted the note for the benefit of Frank Eagle. By reference to the note it will be seen, that

it is made payable to plaintiff as administrator, clearly show-ing that he had not at that time, and did not pretend to have any interest as owner. Obtaining the note under such cir-cumstances cannot create any greater interest in, or title to the demand than he otherwise would have had.

We have examined, with some care, the several questions arising, and decided on the trial, and have not been able to find that any rule, as to the admission or rejection of evidence was violated to the prejudice of the plaintiff.

The defendant insists that either and each of the foregoing points is a sufficient defense to this action, and that the judgment should be affirmed with costs.

JAMES C. SMITH, Justice. The promisory note in suit was executed and delivered by the defendant to the plaintiff. By its terms it is payable to the plaintiff or order. The consid-eration for which it was given, was a debt which the defend-ant owed originally to the plaintiff's wife, Cynthia, who died intestate about two years and six months before the note was made, leaving the plaintiff, her husband, surviving her, and as the referee has found, without having made any valid effectual disposition in her life time of the debt due to her from the defendant.

These facts raise a clear *prima facie* right in the plaintiff to recover upon the note, and in my judgment such right is not overcome by any countervailing evidence in the case. The matters relied upon by the defendant at the utmost, show that the note was given to the plaintiff, in trust for others, and not for his own use. The ante-nuptial agreement be-tween the plaintiff and said Cynthia, does not release the defendant from his obligation to pay his note to the payee therein named, although it may tend to show that such payee will be liable to account to others for whatever he shall receive upon the note. It was competent for the defendant to bind nimself to pay to the plaintiff as a trustee for others, and it is quite apparent that he intended to do so, when he gave

the note. The referee finds that the defendant gave the note by reason of representations made by the plaintiff that the latter was the proper person to whom the note should be given for the benefit of Frank Eagle (a minor son of the said Cynthia, by a former husband), and the note was given by the defendant and received by the plaintiff for that purpose. The defendant testified that in the conversations which led to the execution of the note, the plaintiff said that he had no claim for the debt and he wanted it for Frank, and that the judge of Allegany county had appointed him administrator of his wife's estate and guardian of Frank. There is no ground for questioning the truth of the plaintiff's representations that he had been appointed such guardian, and for aught that appears the appointment was valid. If his ward had lived, can there be any doubt that the plaintiff could have recovered on the note in his own name? The subsequent death of Frank did not impair the plaintiff's right of action, its only effect was to substitute in the place of the deceased, those who succeeded to his rights as the beneficiaries of the fund. And it is immaterial to the present action whether the persons so succeeding were the next of kin to Frank Eagle or the Webb heirs, according to the intention expressed by Mrs. Reznor shortly before her death. In brief, if the note was valid in the hands of the plaintiff, when it was executed it was equally so when this suit was commenced.

No fraud was practiced upon the defendant to induce him to execute the note. According to his own testimony he was informed by the plaintiff of the ante-nuptial arrangement between him and Cynthia, nearly two years before the note was executed. The plaintiff's right to recover does not depend on his having taken out letters of administration upon the estate of his wife. The term administrator used in the note is a mere word of description, in no respect essential to the right of the payee to sue. In short, the note was given on a good consideration for a valid and just debt and without fraud, and no reason is perceived why the payee should

not be permitted to recover it for the benefit of those who may be entitled ultimately to its avails.

The judgment should be reversed, and a new trial ordered.