NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.—SEPTEMBER, 1876

## MATTER OF RITCH.

*In the matter of the Estate of* THOMAS B. RITCH, *deceased.*

One of several executors or administrators may be compelled to account, and the account be contested, by his co-executor or co-administrator.

The case of *Shumway* v. *Cooper*, 16 *Barb.*, 556, explained and limited.

An account so rendered may be referred to an auditor.

The fact that the legatee's consent to the account, and object to the contest, is not ground for refusing to refer the account.

Wherever the Surrogate's court has power to compel the representative of an estate to account, it has implied power to pass upon the accuracy of the account, and to refer it to an auditor for this purpose.[*]

THIS was an application by one executor of the will of Thomas B. Ritch, deceased, to compel his co-executors to render an account of their proceeding as such. A citation was issued and served, and an account rendered and filed, to which objections were interposed; and an auditor was appointed.

An additional account was then filed, and the proctor for the legatee, appeared, and filed a retainer by the legatees, and a statement signed by them, that they are satisfied with the conduct of the executors, and ask the protection of this court against the expenses which will attend the accounting.

The petitioner alleged by way of affidavit that he was specially named as executor, and was requested to act by the testator as a disinterested person, and the testator exacted a promise that he would so act,—that the other executors were partners in business,—that two of the legatees were daughters of one of the executors, and all of them, under the influence of said executors.

[*] Compare *Tucker* v. *McDermott, ante* p. 312.

That the widow was a life tenant without business capacity,—that the other executors had treated the petitioner with disrespect,—had assumed the control of all the assets, and sought to obtain a power of attorney from him to take the absolute control of the estate.

A. DEWITT BALDWIN, *for petitioner.*

JOHN L. DAVENPORT, *opposed.*

THE SURROGATE.—It is objected by the proctor for the legatees that the petitioner has no standing in court for the purpose of these proceedings, particularly to contest the account, because not embraced within the provisions of 2 *Statutes at Large*, 97, section 63.

The language of that section is as follows: "Any creditors, legatees, or other person interested in the estate of the deceased, or next of kin, or otherwise, may attend the settlement of such account and contest the same." The counsel for the legatee cited *Dayton on Surr.*, 487.

On examination of the statute and authorities, and such reflection as I have been able to give the subject, I think the construction put upon the section in question by the learned author named, is quite too narrow. Indeed at the bottom of the page, he is compelled to make an exception in favor of a widow, because she is within the equity and spirit of the section. Counsel also cite the case of *Shumway* v. *Cooper* (16 *Barb.*, 556), but an examination of that case shows that the objections to calling an administrator to an account in that case was, that the petitioner was an heir at law, not next of kin, and as the administrator took nothing of the real estate, the heir at law had no status to call him to an account in respect to the personalty ; and whatever is said in the opinion of the court, upon the subject of the authority of the Surrogate, under the section in question, was

clearly *obiter dictum*, and is not applicable to a case like the present.

In *Wood* v. *Brown* (34 *N. Y.*, 337,) in discussing the power of a court of equity to entertain an action in behalf of one executor, against his co-executor, Mr. Justice MORGAN says : "In my opinion the Surrogate may interfere either at the suggestion of the co-executor, or of the creditors and legatees, in case the defendant refuses to perform any duty, which the law casts upon him, and which is necessary to be done, to preserve the estate." And in *Valentine* v. *Valentine*, (2 *Barb. Ch.*, 530) it is held that the fact that property was to be held in trust by the executors until the death or restoration of the lunatic to sanity founded no objections to the settlement of the account of the executors, for the purpose of determining what the amount of the trust fund was. And see *Redfield Surr. Pr.* 245.

It is admitted by counsel, that the Surrogate had power to compel an accounting in this case, but he seems to assume that the rendering of the account exhausts the power of the Surrogate in the premises.

I have had occasion in a recent case to consider this question, and I am of the opinion that wherever this court has the power to compel a representative of an estate to render an account, that proceeding involves the authority to consider and pass upon the accuracy of the account and to refer it to an auditor to determine its accuracy, otherwise the power to compel an account would be absurd, and an idle ceremony, and the account might be imperfect, defective, or false, without any redress on the part of those interested in the account. But I am not left solely to the reasonableness of this doctrine, as it seems to be fully sustained by the able and persuasive reasoning of the Surrogate, in *Re Jones* (1 *Redf.*, 263).

I entertain no doubt that the proceeding for the purpose of testing the correctness of the account rendered in this matter is proper, and should be enforced by this court, whether on the application of the co-executor or on the motion of the Surrogate

The order of reference to an auditor must stand, which should include also, the additional or corrected account rendered.

Order accordingly.