KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.— April, 1880.

CALYER *v.* CALYER.

*In the matter of the estate of* JOHN CALYER, *deceased.*

The Surrogate has no jurisdiction to compel an administrator with the will annexed to pay over to the devisee rents from real estate devised to the latter for life, or to restrain the further collection of such rents by the administrator.

The power of the Surrogate to control the conduct of executors and administrators (2 *R. S.*, 220, § 1. subd. 3) does not extend to property which, as *executors* or *administrators*, they had no right to take possession of.

APPLICATION, on the part of the devisee under the will of John Calyer, deceased, for an order requiring the administrator with the will annexed of the said John Calyer, to pay over to her certain rents from real estate, which she claimed were devised to her for life by said will, and also restraining the administrator from further collecting the rents from said real estate.

It was objected on the part of the administrator that the court had no jurisdiction to make such an order.

THE SURROGATE.—The foundation of this application is the claim of the devisee that the rents in question have been devised to her individually, for life, and that the

said administrator with the will annexed has nothing to do with them.

I agree with her; but this court has no jurisdiction to control the conduct of an administrator with or without the will annexed, in relation to property wrongfully taken possession of by him under color of his letters of administration. (Marston *v.* Paulding, 10 *Paige*, 40; Shumway *v.* Cooper, 16 *Barb.*, 556.)

The provision of the Revised Statutes, giving the Surrogate power to direct and control the conduct of executors and administrators (2 *R. S.*, 220, § 1, subd. 3), does not extend to property which *as executors* or *administrators* they had no right to take possession of; in the eye of the law such property must be deemed to be held by them in some other capacity, and the remedy of the injured party to compel a delivery of it or to restrain further interference with it must be sought in some other court. (Shumway *v.* Cooper, *supra.*)

Ordered accordingly.