Shipman, J.
It is virtually conceded by tliese averments that no action can be sustained upon the California judgment if the lack of jurisdiction in the court which rendered it is permitted to be shown,or if its defects are not shown to have been subsequently waived by Davis. The bill alleges that by the law of Hew York, in an action in that State upon the judgment, it is necessary to allege either the facts showing the jurisdiction of the California court, or that the judgment was duly entered, and that .the complainant is unable truthfully to allege in his complaint such jurisdictional facts or that the judgment was duly entered. The proceedings were taken, under the existing statutes of California, against a non-resident. Davis had been apparently domiciled in that State, or had been a resident therein, but had departed therefrom and was reputed to reside in Hew York. He was not served with process, he did not appear, and the proceeding did not affect him personally (Cooper v. Reynolds, 10 Wall. 308; Pennoyer v. Neff, 95 U. S. 714).
The object of the bill is to enjoin Davis against setting up either the invalidity of the judgment or his discharge from the debts which were provable against him in bankruptcy, upon the ground that an equitable estoppel exists which prevents him from asserting either of these defenses. Different considerations are applicable to the different defenses, which will therefore be considered separately.
The judgment was entered in 1872. In 1875 Davis filed in the district court a petition for 1ns discharge in bankruptcy, and in 1876 Cornwall filed specifications cf opposition thereto. Davis thereupon filed in said court his petition praying that Cornwall’s proofs of debt might be canceled *131 and that his specifications should be dismissed, because after the proofs of debt were filed he had obtained judgment upon the same claims, which judgment still stood of record and was in full force. Davis founded his petition upon the judgment, based his application for the affirmative action of the district court thereon, and asserted its validity. It was his sole and successful weapon, of attack upon Cornwall. The judgment being against him he set it up in bar of Cornwall’s proofs of debt and specifications of opposition to the discharge, and by that act he affirmed “ the validity of the judgment against himself, and is eo instanti estopped to impeach it thereafterwards ” (Henderson v. Staniford, 105 Mass. 504; Hughes v. Dundee, etc. Co., 28 Fed. Rep. 40; Railway Co. v. McCarthy, 96 U. S. 258, 267). A party cannot successfully rely upon and affirmatively set up a judgment as valid, to defeat his adversary’s claim, and subsequently attempt to rely upon its invalidity. Although it was invalid when rendered, he has, by his subsequent conduct, and “ by accepting the benefits which it conferred,” given it validity, and it can no longer be considered, as against him, a void judgment (Mills v. Hoffman, 92 N. Y. 181).
Is there necessity for resort to a court of equity to obtain the benefit of this estoppel %
It is now settled that the mere fact that an estoppel is what is called an equitable estoppel does not compel the party who relies upon it to resort to equity, but it may be used with equal advantage in a court of law, and that “in order to justify a resort to a court of equity, it is necessary to show some ground of equity, other than the estoppel itself, whereby the party entitled to the benefit of it is prevented from making it available in a court of law” (Dickerson v. Colgrove, 100 U. S. 528; Drexel v. Berney, 122 U. S. 241). The ground of equity in this part of the case is the averment which was once conceded by the defendant in argument to be true, and which we therefore assume to be true, that in jm action at law, upon a jndgmentin the State of Hew York, it is necessary to allege in the complaint either the facts *132 showing the jurisdiction of the court in which the judgment was entered, or that it was duly entered, and unless this is-done the complaint will be dismissed on demurrer. It thus appears that it is uncertain whether Cornwall could so frame his complaint as to be able to obtain a standing in a court of law unless Davis should be prevented from taking ad vantage of the defective jurisdiction of the California court, and that it is-improbable that the plaintiff could, at the outset of his case, avail himself of this estoppel so as to gain a foothold in court. It follows that a case is stated—in that part of the bill which relates to the defense of the invalidity of the-judgment—which entitles the complainant to relief in a court of equity (Drexel v. Berney, 122 U. S. 241).
The remaining portion of the bill presents a different question. The complainant contends that Davis is estopped from shifting his ground as to the effect of the judgment of December, 1872. His position in the petition to the district court, in his argument, and in his successful effort to obtain-the order of October 30, 1876, was, that the- judgment created a new cause of action, in which the pre-existing notes-were merged, that neither judgment nor notes were provable,, that the judgment would not be barred by the discharge in bankruptcy, and that consequently Cornwall’s proofs should be canceled and his specifications of opposition should be-dismissed, whereas he now claims that the debt was the same before and after judgment, and that the discharge in bankruptcy is effectual against the judgment.
The status of a debt, which existed at the time of an adju - dication in bankruptcy, but which was represented by a judgment entered against the bankrupt after the adjudication, . and before his discharge, was, at the date of the order of October 31, 1876,- a matter upon which the decisions were-very contradictory. The subsequent decision of the supreme-court in Boynton v. Ball (121 U. S. 457), was against the-theory of Davis’ petition, and the opinion of the district-court.
The question is thus raised whether Davis can be now *133 permitted to change his position as to the legal effect of the judgment, which he insisted in 1876, would not be barred by his discharge and now insists was barred thereby. He obtained the order of the district court upon the old theory and enjoyed the benefit of it, and now wishes to obtain the aid of the opposite and recently established theory. The question is not the same which has just been considered; that involved the propriety of a party’s abandoning his position in regard to the existence of a judgment, whereas this relates to the propriety of his changing his position in regard to the legal effect of the judgment. The plaintiff says-that the principles which govern the decision of the two questions are the same.
I do not propose to decide this question, because I see no difficulty in the plaintiff’s having the benefit of this alleged estoppel in his action at law. If Davis pleads his discharge in bankruptcy, it is substantially conceded that the facts which constitute the estoppel can be given in evidence by the plaintiff (Philadelphia, etc. Railroad Co. v. Howard, 13 How. [U. S] 307). There is nothing outside the estoppel which prevents the plaintiff from making it available in his action at law (Drexel v. Berney, supra).
The demurrer is overruled.