Lansing, S.
Lutgarde Blow died, leaving a last will and testament, which was duly admitted to probate by the surrogate of Rensselaer county, about the 1st day of June, 1877.
Her will is as follows: “ First. After the payment of all my just debts and funeral expenses, I do give and bequeath unto all my children the property of which I may die seized, to he divided equally between them when the youngest of my children shall reach the age of twenty-one years, except there shall be deducted from the shares of Philomene and Yitaline Chevalier each the-sum of $1,000, on account of their father providing by bequest ¡ for them in his will.
“ Second. It is my desire that my executor shall he general guardian for my children, and that the rents and profits received j from my property be expended for the benefit of my youngest! children, until they are able to provide for or take care of them-l *291 selves. I nominate my brother, Louis P. Rousseau, executor of this my last will and testament”
The said Rousseau duly qualified, and entered upon the duties ■of his trust as executor, and so continued until about the 27th. ■day of December, 1877, when, by an order of the surrogate’s ■court, letters testamentary theretofore issued to him were revoked, and letters of administration with the will annexed were, on the '27th day of December, 1877, issued to Philomene Chevalier, who also qualified as such. Said Lutgarde Blow left her surviving five minor children; and one of said children is still under the ■age of twenty-one years. Ho inventory was filed by the executor or the administratrix with the will annexed, or by the testamentary guardian.
Shortly after entering upon.her duties as such administratrix, the said Philomene Chevalier obtained leave from the surrogate’s ■court to mortgage certain real estate for the payment of debts; but no report has ever been made, and no account has ever been .rendered, by her of the proceeds of said mortgage.
About July 28, 1889, Julia F. Buchanan, one of the children ■of the said Lutgarde Blow, deceased, and a legatee under the will, petitioned the surrogate’s court for an order that the said administratrix, etc., file an intermediate account in the surrogate’s court of her proceedings as such administratrix, under subd. 4, of § '.2723 of the Code of Civil Procedure. On the return day of the ■citation, said administratrix presented a petition, under §§ 2728 and 2729 of the Code of Civil Procedure, for a judicial settlement •of her accounts as such administratrix; and a citation was thereupon issued from said court directed to all parties interested; and ■the proceeding instituted by the petition of said Julia F. Buchanan was adjourned until the return day of said citation. Upon such return day the proceedings were consolidated, and the administratrix with the will annexed filed a verified account, purporting to be a statement of the amount of rents received by her from June 1, 1883, to October 1, 1889, from the real estate which said Lutgarde Blow had devised to her minor children by her said will.
Julia F. Buchanan,, through her counsel, objected to the ac•count filed upon the ground that it failed to account for the rents received and disbursements made by said administratrix from the 27th day of June, 1877, the time when letters -of administration, ■etc., were issued to her, to June 1, 1883, the date of the commencement of her account, a period of nearly six years, during which time, as she alleged, a large amount of rents had been collected by her as such administratrix, etc., that she had failed properly to account for, and also for the proceeds of the mortgage authorized to be made by her by the surrogate’s court.
Such proceedings were thereupon had that the surrogate at that time, Hon. William Lord, directed, without objection, that said administratrix file an amended account, to include alleged omissions ; and the matter was adjourned for that purpose from time to time until the 10th day of February, 1889. The said administratrix then appeared before the present surrogate, and objected, through her counsel, to making and filing an additional or amended *292 account of the rents and profits received by her from, said real estate, and asked leave to withdraw the account theretofore filed by her, charging herself with such rents; and insisted that the surrogate’s court had no jurisdiction to compel her to account for the rents, issues and profits which she had received and collected from the said real estate of the said devisee since her appointment, as administratrix with the will annexed, upon the ground that the executor named in the will of said deceased was not authorized to-collect rents as such, and if he were, the power did not pass to the administratrix with the will annexed. In fine, that she could only be required to account for the personal estate of said deceased in this court.
Upon the part of the said Julia F. Buchanan, and the remaining' parties in interest, it is insisted that the said administratrix, having admittedly collected a large amount of rents and profits of the real estate devised to the minor children of said deceased, in her character as administratrix, etc., and having voluntarily filed her accounts charging herself with such rents, she is estopped from denying that she had received the same in her character as administratrix, etc., and should be compelled to account and pay also-the same to the parties in interest, at least that portion of the rents, which she had charged herself with in her account filed.
It is apparent that the will which gives the title to the real estate to the children of the deceased, and merely postpones the period of division of the same until the youngest child shall attain 'the age of twenty-one years, confers no power, either express or implied, upon the executor to collect the rents.
The collection of the rents is provided for in the second clause-of the will, which appoints a guardian for the children, and directs that the rents and profits realized from the property be expended for the benefit of the children of deceased, in the manner therein provided. The testamentary guardian is expressly authorized by statute, by virtue of his office, to collect and receive the profits of real estate during the minority of children. 2 R. S., 150, §§ 1 and 3.
It follows that it was the duty of their guardian, appointed by the will, to collect the rents from the estate and apply the same as. provided by the will.
It is immaterial that a successor to Louis P. Rousseau, as guardian, was not appointed; a failure to fill the office would not authorize the administratrix with the will annexed to collect the rents or to act as such. The offices of administratrix and guardian are entirely distinct, the incumbents having entirely different duties and liabilities. The executor having no right to collect the rents from the real estate belonging to said minor children under the will, his successor, the administratrix with the will annexed could have no such authority, even if it be assumed, as is claimed by the next of kin and devisee, that the administratrix with the will annexed succeeds to the powers and duties of the executor as to the management of real property. 7th Ed., R. S., 2289; Mott v. Ackerman, 92 N. Y., 552.
I do not pass upon the question, which was much discussed in' *293 the briefs of counsel, as to what authority devolves upon the administratrix with the will annexed where the executor is by will authorized to sell the real estate. That question is not here.
The next question, and substantially the sole one in this case is, whether the surrogate’s court has the jurisdiction or authority to-compel the administratrix with the will annexed to account and
Sover to the persons entitled thereto money which she has eonsdly in her character as such collected from the real estate left by the testatrix to her minor children. Upon the argument of the matter, I was inclined to hold that the surrogate’s court could compel such accounting; and that the administratrix with the will annexed, having in her character as such collected the rents during a long period of time without question by persons interested, was estopped, especially after she had filed an account in this court, charging herself with the same, from denying her authority to receive the same as administratrix, and from questioning the authority of the court to compel her to account and to pay over the same to the parties entitled thereto.
Prior to the Revised Statutes, a person might assume the office of executor or administrator by his own intrusion or interference. Such person was styled an executor or administrator “ de son tort," Toller on Executors, 37; Dayton on Surrogates, 210, and was liable to account as such. Campbell v. Tousey, 7 Cow., 64; Van Horne v. Fonda, 5 Johns. Ch., 388.
But it seems that they could be held liable as such only in courts of equity, and not at law. Vermilya v. Beatty, 6 Barb., 429 And it has been expressly held that the surrogate could not call an executor or administrator de son tort to account. Wever v. Marvin, 14 Barb., 380. The offices of executor and administrator de son tort, however, have been expressly abolished by statute. 2 R. S., 449, § 17.
It follows, therefore, that an executor or administrator de son tort cannot, as such, be held to account either in the surrogate’s court or elsewhere in this state.
I have no doubt, however, that although the office of an executor de son tort has been expressly abolished, a person will not be permitted in a court of general equitable jurisdiction to deny the character which she has assumed and under which she has acted, or her responsibility therefor to parties interested. Authorities are ample in support of that position. Le Forte v. Delafield, 3 Edw., 32 ; Easterly v. Barber, 65 N. Y., 252, 259; Perry on Trusts, §§ 245, 264, 288; Lewin on Trusts, 244; Hill on Trustees, 173.
Indeed, in-the case first cited, it was expressly held that where an administrator with the will annexed assumed to act as trustee of real property under the will, he may be held to account therefor as such trustee. See Redfield L. & P., 4th ed., 275.
The surrogate’s court, however, is not a court of general equity jurisdiction. The general powers of a court of equity do not pertain to a surrogate’s court. Stilwell v. Carpenter, 59 N. Y., 425. It is expressly provided that the jurisdiction of this court “ must be exercised in the cases and in the manner prescribed by statute.” Code Ciy, Pro., § 2472.
*294 The jurisdiction of the surrogate to make the order prayed for, if it exists at all, is under his authority “to control the conduct •and settle the accounts of executors and administrators.” Section 2472, which is a substantial re-enactment of 2 R. S., 220, § 1. Subd. 3 of said section gives the surrogate power “to direct and control the conduct and settle the accounts of executors and administrators.” This is the precise language of subdivision 3 of said section of the Code upon that subj'ect.
It has been repeatedly held that this provision of the Eevised Statutes gives the surrogate no power to “ direct and control the conduct of executors and administrators ” as to property to which they did not have title, or of which they had no right to take possession, as such. “ Executors and administrators are only entitled to the goods, chattels and credits of their decedent.. 2 E. 5., 82, § 2. Eeal estate or money impressed with real uses are not included in this class. They take that property only which is assets for the payment of debts, and which after payment of debts and legacies is to be distributed among next of kin. 2 E. 5., §§ 6-8, p. 82. Property that descends to heirs does not and cannot go to executors or administrators.
“ If by any means it comes into the possession of the individual who chances to be the personal representative of the deceased, the remedy of the party entitled as heir is by a proper action at law, the form to be determined from the character and situation of the property.
“An heir-at-law has no place given him by statute in the surrogate’s court to compel an accounting by the executor or administrator. That right is confined to creditors, legatees and next of kin. An adjudication of the rights of heirs would be simply void. Upon the settlement of the account, the surrogate must follow the statute of distribution in directing the disposal of the estate after the payment of debts and legacies, and cannot be guided by statutes of descent. 2 E. S., 4th ed., 277, 278, 281; Shumway v. Cooper, 16 Barb., 556; Marston v. Paulding, 10 Paige, 40.”
The rents in question being the proceeds of real estate, and having accrued since the testatrix’ death, belong to the heir. The administratrix with the will annexed, therefore, had no concern or responsibility for their collection, nor can she be made to account for such rents as administratrix, for in that capacity she is only chargeable with the goods, chattels and credits which were of the deceased. Shumway v. Cooper, supra ; Matter of Woodworth, 5 Dem., 156.
Nor can the administratrix be held responsible in this court by reason of the doctrine of equitable estoppel.
In the case last cited, the administratrix had obtained possession of the proceeds of certain real estate of which decedent died seized after her death, and assuming the money to be personal property, included the amount in her inventory which she filed in the surrogate’s court. It was held upon the accounting by the surrogate that the money being proceeds of sale of real estate the surrogate’s court had no jurisdiction to award its distil- *295 button or to control the conduct of the administrator in respect thereto. It was further held, in that case, that the administrator was not estopped by reason of the fact that he was charged with the amount received in his inventory, and had paid out a portion thereof in satisfaction of the debts of decedent. Since the administrator could not, by any act of his own, change the property which the law had impressed with “ real uses ” into personal property.
The rule is the same, whether the property sought to be distributed by the surrogate is real or personal.
A final accounting and decree by a surrogate directing the administrator to pay over moneys which he had in some way received, but which did not belong to the estate, would be absolutely void; for its effect would be to determine a controversy, or make a distribution between parties in their individual capacity. Tucker v. Tucker, 4 Keyes, 136; Matter of Cooley, 6 Dem., 77; 19 N. Y. State Rep., 241.
Neither would the express consent or agreement of the parties give the court jurisdiction in such a case. Matter of Cooley, supra. In the latter case the court held, that although the accounting administrator held in his hands a sum of money which he had received as such but was not applicable to the payment of decedent’s debts, by reason of its peculiar character, but belonged to the widow and children of decedent, that the administrator as such could not distribute the fund nor could the surrogate’s court direct it to be paid to the widow and children of the decedent, to whom it belonged, but they must be left to a suit for money had and received, a purely common law action, of which the surrogate has no jurisdiction.
But we are not left to rely wholly upon reason for our decision in this case; substantially the same question before us was presented to the surrogate of Kings county in the matter of Calyer v. Calyer, 4 Redf., 305, and the decision is in accordance with the views we have expressed.
The syllabus of the case is as follows : “We (surrogate) have no jurisdiction to compel the administrator with the will annexed to pay over to the devisee rents from real estate devised to the latter for life, or to restrain the further collection of such rents by the administrator.
“ The pow§r of the surrogate to control the conduct of executors and administrators, 2 B. S., 220, § 1, subd., 3, does not extend to property to which as executors or administrators they had no title, or right to take possession of.”
In that case a petition was presented to the surrogate for an order requiring the administrator with the will annexed to pay over certain rents of real estate which the petitioner claimed were devised to her for life; it was objected on the part of the administrator that the court had no jurisdiction to make the order and the surrogate, although satisfied that the petitioner was a devisee of the real estate, declined to make the order for lack of jurisdiction.
As to the remaining question raised by surcharging the account *296 of the personal estate filed-by the administratrix and the absence of any account as to the proceeds of the sale of the real estate mortgaged under the direction of the surrogate’s court for the payment of debts, it is ordered that the hearing proceed upon, the issues framed.
In conclusion, I ought to add that I have reached the fore; going conclusion much against my inclination, for it seemed to me that the personal estate and the rents of the real estate having been so long treated as one, and so thoroughly blended, and the same parties being both heirs-at law and next of kin, and all of them before the court, that it would be a saving 'of time and expense, and substantial justice would be best promoted by having the whole .matter at issue decided at one time and by the same court
But I ana satisfied that I have no power to decide as to the rents and profits of the real estate, and any decree I might make in the premises would be void.