1. ADMINISTRATOR'S ACCOUNTS—ERRORS.
      Errors in the accounts of an administrator, as finally settled, can only be corrected on appeal.

2. SAME—DECREE—VALIDITY.
      A decree settling an administrator's account is not void because it is based on figures other than those contained in the accounts as filed, since the parties to the settlement may agree to conclusions of fact other than those originally stated by the accountant.

3. SAME.
      A decree settling an administrator's account is not void because it directs certain legatees to pay sums equal to their overdrafts to other legatees for the purpose of equalizing the entire drawings made.

4. SAME.
      A decree settling an administrator's account purporting to judicially settle the accounts of former deceased administrators, though ineffective to that extent, is not void, where the account of the last administrator, as set-

tled, is not based on such alleged adjudications, but on the matters from which they were derived.

**5. SAME—EQUITABLE ESTOPPEL.**
Parties who accept the provisions of a decree settling an administrator's accounts, and who carry out its settlements, are equitably estopped from denying its validity.

In the matter of the estate of Richard E. Mount, Sr., deceased. Application to vacate a decree settling the accounts of an administrator with the will annexed. Denied.

Booraem, Hamilton & Beckett, for petitioners.
Tillotson & Kent and Rollins & Rollins, for respondents.

VARNUM, S. This is an application to vacate a decree judicially settling the accounts of an administrator with the will annexed, on the ground of fraud and jurisdictional error. The matter was originally argued before Surrogate Arnold, and has now been submitted to me for decision. Lengthy affidavits of expert accountants were filed to demonstrate the existence of many serious errors of substance in the accounts. Such errors, even if it be assumed that they exist, can only be corrected on appeal. In re Tilden's Ex'rs, 98 N. Y. 434; In re Henderson, 157 N. Y. 423, 429, 52 N. E. 183; In re Humfreville, 8 App. Div. 312, 314, 40 N. Y. Supp. 939.

One of the petitioners avers that she did not authorize the appearance of the attorneys who represented her, and all of the moving parties aver that they at no time consented to the compromise which was effected, and on which the report of the referee was based. Neither of these allegations is sustained by the preponderance of evidence. Nor can it be held that the decree is void because it is based on figures other than those contained in the accounts as filed. It was competent for the parties to this proceeding to agree to conclusions of fact other than those originally stated by the accountant. Such a unanimous agreement was in the nature of an amendment to the account, and was properly allowed by the referee. It is earnestly urged that the decree is void for the reason that it contains directions whereby certain legatees are required to pay sums of money equal to their overdrafts to other legatees for the purpose of equalizing the entire drawings made. These directions were substantially complied with. It is true that this court has no power, in case it is found that there has been an overpayment to a legatee, to render an affirmative judgment for the excess in favor of the executor against the legatee. In re Underhill, 117 N. Y. 471, 22 N. E. 1120. No such judgment, however, is rendered in the present case. The cross payments here ordered and consented to operated as assignments of the shares of those who had made the overdrafts, and the decree directed distribution in accordance with such assignments. The right to decree distribution among the assigns of legatees cannot be questioned. Code Civ. Proc. § 2743; In re Randall, 152 N. Y. 508, 520, 46 N. E. 945.

It is furthermore urged that the decree should be vacated, because it purports to judicially settle the accounts of deceased personal representatives of the decedent. It appears that the accountant has caused summary statements of the accounts of his predecessors to be

incorporated in the decree. There is no express decretal clause, how-ever, adjudging these accounts to be finally and judicially settled and allowed. Even if the language used can be interpreted as meaning that a judicial settlement of these prior accounts was intended to be made, the decree is merely ineffective to that extent, as the accounts of the present administrator are based, not on these alleged adjudica-tions, but on the material from which they were derived.

Finally, the validity of the decree is attacked on the ground that the accounts as settled show that the administrator c. t. a. has char-ged himself with large sums of rent collected by him. This is a seri-ous objection, as it may well be said that the court has no jurisdiction to allow such charges, whether or not the parties consented, and that, consequently, the decree is void so far as these items are concerned. In re Blow's Estate (Sur.) 11 N. Y. Supp. 193. None the less I am not disposed to permit an amendment striking from the decree the record of the real-estate transactions, for the reason that the parties, having accepted the provisions of the decree and carried out its settle-ments, are now estopped from denying its validity. Mills v. Hoffman, 92 N. Y. 181, 189; Cornwall v. Davis, 38 Fed. 878, which is a decision of the United States circuit court in the Southern district of New York. Such an estoppel is not one of record, but one in pais, the decree being merely evidential of the acts performed by the parties, which they cannot now disaffirm. The application to vacate the de-cree is denied.

Application denied.